### WILLIAMSON COUNTY v. TRAVIS COUNTY. (No. 1001—5171.)

Commission of Appeals of Texas, Section B. April 3, 1929.

Wilcox & Graves and W. H. Nunn, all of Georgetown, for plaintiff in error.

E. Cartledge and White, Wilcox & Taylor, all·of Austin, for defendant in error.

SPEER, J. The case is a controversy over the boundary line between Travis and Williamson counties. It involves the construction and validity of the Act of April 22, 1879 (Acts 1879, c. 129), concerning the establishment of county boundary lines. It was instituted by Williamson county against Travis county under the provisions of articles 1591 and 1606, Revised Civil Statutes 1925, and involves no issue other than one purely of boundary between the two counties. (Tex. Civ. App.) 4 S.W.(2d) 612.

■ Article 1821 of our statutes provides: "The judgments of the Courts of Civil Appeals shall be conclusive on the law and facts, nor shall a writ of error be allowed thereto from the Supreme Court in the following cases, to wit: * * *

"2. All cases of boundary."

Article 1728, prescribing the appellate jurisdiction of the Supreme Court, declares:

"The Supreme Court shall have appellate jurisdiction coextensive with the limits of the state, extending to all questions of law arising in the following cases when same have been brought to the Courts of Civil Appeals·from final judgment·of trial courts:

"1. Those in which the judges of the Courts of Civil Appeals may disagree upon any question of law material to the decision.

"2. Those in which one of the Courts of Civil Appeals holds differently from a prior

decision of its own, or of another Court of Civil Appeals, or of the Supreme Court upon any such question of law.

"3. Those involving the construction or validity of statutes necessary to a determination of the case.

"4. Those involving the revenues of the state.

"5. Those in which the Railroad Commission is a party.

"6. In any other case in which it is made to appear that an error of substantive law has been committed by the Court of Civil Appeals which affects the judgment, but excluding those cases in which the jurisdiction of the Court of Civil Appeals is made final by statute."

The two statutes quoted must, of course, be construed together to determine the jurisdiction of the Supreme Court in the present case. As we construe them, there is no conflict whatever. By article 1821 it is expressly declared that no writ of error shall be allowed to the judgment of a Court of Civil Appeals from the Supreme Court in a case of boundary. The most that could be said in favor of jurisdiction in the present case is that the case is one "involving the construction or the validity of statutes." But, when the two articles are read and construed together, subdivision 3 of article 1728 merely means that the Supreme Court has jurisdiction over questions of law arising in cases brought from the Court of Civil Appeals involving the construction or the validity of a statute in any case other than those of boundary, slander, or divorce, in each of which cases a writ of error is specially forbidden. One could with as much propriety insist that the Supreme Court would have jurisdiction to grant a writ of error in any boundary suit, or slander suit, or divorce suit, merely because in subdivision 1 of the jurisdiction article the Supreme Court is given jurisdiction upon the ground of dissent, or in subdivision 2 upon the ground of conflict of decision. Such a construction would not be to harmonize the statutes, so that both could stand, but the effect would be to completely destroy the force of article 1821, declaring that no writ of error shall be allowed in such cases.

■ And for precisely the same reason it could not be said that subdivision 6 of article 1728 supports jurisdiction in this case. The effect of the subdivision is to confer a further jurisdiction upon the Supreme Court in those cases where it is made to appear that an error of substantive law has been committed by the Court of Civil Appeals which affects the judgment, except where the jurisdiction of the Court of Civil Appeals is made final by statute.

There is nothing in the statute making the judgment of the Court of Civil Appeals conclusive in cases of boundary that would indicate that a controversy over a county boundary line is not within the act. The fact that the parties are not proprietors of the land cannot change the nature of the case. While counties are not proprietors, but are governmental agencies of the state, they nevertheless have peculiar rights in the determination of their boundary lines. Such boundary lines determine the limits within which the county, as an agency of the state, functions, and over which it has and exercises jurisdiction. The establishment of its boundary line, therefore, is a process of recovering control over the lands rightfully within its jurisdiction, for the purposes of exercising its possession in the manner provided by law for the interest of its inhabitants and the state at large. This is precisely the nature of the relief had by a landowner in determining his boundary line. The only difference is in the degree of interest, and not in the kind of relief sought. Both are "cases of boundary."

The Supreme Court has entertained jurisdiction and decided boundary cases between counties, but only where the question of law was certified by the Court of Civil Appeals (see Hunt County v. Rains County, 116 Tex. 277, 288 S. W. 805), or where the decision was incident to a cause of action properly before the court. The precise question was necessarily decided in the order of the Supreme Court in dismissing for want of jurisdiction the application for a writ of error in Hale County v. Lubbock County (Tex. Civ. App.) 194 S. W. 678, a case, too, involving "the construction" of a statute, and also Stephens County v. Palo Pinto County ( Tex. Civ. App.) 155 S. W. 1006, and Pecos County v. Brewster County (Tex. Civ. App.) 250 S. W. 310, in each of which cases the fact of wrongful exercise of the taxing power in the disputed strip was alleged, as here. But this is merely an incident to the issue of boundary, and is decided with it.

· We therefore recommend that the writ of error herein be dismissed for want of jurisdiction.

CURETON, C. J. Writ of error dismissed for want of jurisdiction, as recommended by the Commission of Appeals.